**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Roy Mendez, <br><br>　　　　　　Plaintiff, <br>　vs. <br><br>Landstar Ranger, Inc., *et al.*, <br><br>　　　　　　Defendants. | Case No.: 2:15-cv-1682-GMN-CWH <br><br>**ORDER** |

Before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendants Kart Systems, Inc. and Landstar Ranger, Inc. on October 1, 2015.  Plaintiff Roy Mendez has failed to file a Response to the Motion to Dismiss, and the deadline to do so passed on October 19, 2015.

**I.   BACKGROUND**

This lawsuit was originally filed in state court on June 8, 2015. (ECF No. 1). Defendants removed the case to this Court on August 31, 2015. (*Id.*).  The instant Motion argues that the Complaint should be dismissed because Plaintiff has failed to properly post a security for costs pursuant to Section 18.130 of the Nevada Revised Statutes. (ECF No. 6). Though more than 70 days have passed since the response deadline, Plaintiff has not filed a response or taken any other action in this case.

**II.   DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  The Ninth Circuit has held, "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1

(D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-1541-RCJ-RJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 6), is **GRANTED**.  Plaintiff's Complaint is dismissed without prejudice.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this __29__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court